UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADA I. TEDDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-1211-P |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. Administrative History and Final Agency Decision

Plaintiff filed her applications for DIB and SSI on July 20, 2017. AR 15. Plaintiff alleged she became disabled on January 30, 2014. *Id.* The Social Security Administration denied Plaintiff's applications on October 10, 2017, and on reconsideration on March 21, 2018. *Id.*

Plaintiff appeared with counsel and testified during an administrative hearing conducted by video before an Administrative Law Judge ("ALJ") on June 20, 2019. AR 35-58. A vocational expert ("VE") also testified. AR 55-57. On August 26, 2019, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled within the meaning of the Social Security Act from January 30, 2014 through the date of the decision. AR 13-29.

Following the agency's well-established sequential evaluation procedure, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2014, the alleged onset date. AR 17. At the second step, the ALJ found Plaintiff had the following severe impairments: borderline personality disorder, bipolar disorder, anxiety, obsessive-compulsive disorder, and learning disorder. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 18.

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of work at all exertional levels but with certain nonexertional limitations. AR 20. Specifically, the ALJ found Plaintiff was limited to understanding, remembering, and carrying out simple tasks with simple instructions in a routine work setting, handling only occasional changes in work processes, engaging in only occasional interaction with coworkers and supervisors,

contact but no interaction with the general public, and could not participate in tandem or teamwork, "production rate work (fast paced)[,] or strict production quotas." *Id.*

At step five, the ALJ, relying on the VE's testimony, determined Plaintiff could perform her past relevant work as a housekeeper. AR 27. Additionally, continuing to rely on the VE's testimony, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy including janitor, dishwasher, and laundry worker. AR 28. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from January 30, 2014 through the date of the decision. *Id.*

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II. Issues Raised

Plaintiff raises numerous issues on appeal. First, she contends the ALJ failed to properly consider the medical opinions from Dr. Ron Cummings and Dr. Suzan Simmons, and that in doing so, failed to account for her mental health limitations. Second, Plaintiff argues the ALJ failed to fulfill her duty to develop the record. Third, Plaintiff asserts the RFC conflicts with the job requirements identified by the ALJ as jobs Plaintiff could perform. Fourth, Plaintiff contends the ALJ failed to

assess whether she meets or equals Listing 12.02. Fifth, Plaintiff argues the ALJ failed to properly assess the consistency of Plaintiff's subjective complaints.

III.  General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence

4

or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.  Mental Limitations

In Plaintiff's first issue on appeal, she asserts several different, loosely connected arguments. Among those, she contends the ALJ failed to properly consider and/or account for the opinions of Dr. Cummings, a reviewing state agency physician, and Dr. Simmons, a consultative state physician. Under the prior rules, medical opinions were weighed based on the medical source's relationship to the plaintiff. *See* 20 C.F.R. § 404.1527(c)(1)-(2) (according "more weight" to the opinions of an examining source than a non-examining source and "controlling weight" to a treating source's well-supported opinions that are "not inconsistent with the other substantial evidence" of record). The current rules, however, place no special weight on opinions offered by a treating source or otherwise. *See* 20 C.F.R. § 404.1520c(a) (providing that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . ."). "Instead, medical opinions . . . are evaluated for their persuasiveness according to a uniform set of considerations." *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018) (citing 20 C.F.R. § 416.920(c)).

While the considerations "are similar under the prior and current rules, *compare* 20 C.F.R. § 404.1520c(c) . . ., *with* 20 C.F.R. § 404.1527(c) . . ., the

prioritization of the factors and requirements for articulating how an adjudicator consider[s] each factor differ." *Silva v. Saul*, No. 19-cv-913 WJ/KK, 2020 WL 4220862, at *4 (D.N.M. July 23, 2020). The five factors to consider are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). Previously, an ALJ gave special consideration to the medical source's relationship to the plaintiff—the third factor. *E.g., Silva*, 2020 WL 4220862, at *4; *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). The current regulations, however, provide that the factors of supportability and consistency are "[t]he most important factors" in considering "the persuasiveness of medical opinions and prior administrative findings." 20 C.F.R. Section 404.1520c(a). In determining the persuasiveness of opinions and findings, an ALJ must explain how he considered the supportability and consistency factors but is not required to explain how he considered the remaining factors. 20 C.F.R. Section 404.1520c(b)(2).

As before, ALJs must still "consider all relevant evidence in the case record in reaching their disability determination." *Silva*, 2020 WL 4220862, at *4 (citing 20 C.F.R. § 404.1520(b)). "Although an ALJ is not required to discuss every piece of evidence, '[t]he record must demonstrate that the ALJ considered all of the evidence[.]'" *Id.* (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). "The ALJ must discuss not only the evidence supporting [his] decision but also 'the

uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.'" *Id.* (alterations omitted) (quoting *Clifton*, 79 F.3d at 1010).

Dr. Simmons performed a consultative psychological examination on September 19, 2017, during which she also administered the Wechsler Adult Intelligence Scale-IV ("WAIS-IV") test. AR 350-54. During the examination, Plaintiff was oriented to time and place, was able to immediately repeat three words and upon short delay, two of the three words, made three errors when asked to subtract back from 100 by 7, correctly identified two objects, correctly followed two steps of a three step command, could read a sentence, correctly drew a clock but did not correctly draw the time, and correctly answered certain questions regarding general history and relative geography. AR 352. On the WAIS-IV, Plaintiff scored extremely low in perceptual reasoning, working memory, and overall, and was borderline in verbal comprehension and processing speed. AR 353.

Under diagnostic impression, Dr. Simmons listed the following: learning disorder, consider intellectual development disorder, persistent depressive disorder, consider bipolar disorder, unspecified, consider posttraumatic stress disorder, other specified personality disorder, mixed personality features, social anxiety, and obsessive compulsive disorder traits. *Id.* Dr. Simmons summarized her findings as follows:

There was limited information regarding this individual. Ada's overall cognitive abilities fall in the extremely low range as measured by her performance on the WAIS-IV. Her ability to sustain attention, concentrate and exert mental control is in the extremely low range. Her verbal comprehension is in the borderline range, whereas her perceptual ability is in the extremely low range. Her ability to process simple routine visual material without making errors is in the borderline range. Ada appeared to put forth fair to good effort in this evaluation. Initially she seemed somewhat guarded. She is not comfortable around people she does not know. Her anxiety appeared to be the primary factor in her inability to work. Her anxiety interferes with her ability to focus and remember information. She is currently unemployed and remains at home alone which has been difficult for her. She is extremely emotionally dependent on her daughter to the point that taking her and leaving her at school has been difficult. Ada is currently attending mental health treatment. It is recommended that she continue to do so. She appears to have limited coping skills. It would be hopeful that successful therapy treatment would support her in going back to work at some point. It is perceived that Ada may need assistance in managing money. It is recommended that consideration of someone with her best interests in mind[] oversee any cash benefits that may be awarded to her.

AR 353-54.

The ALJ discussed Dr. Simmons' examination findings and opinion in her decision. AR 23-24, 26. She properly summarized Dr. Simmons' opinion, AR 23-24, and then stated that the opinion "is not very specific, but it does support that [Plaintiff] would have limitations. The opinion is persuasive and probative, as it was based on the doctor's examination and expertise." AR 26.

Plaintiff complains that the ALJ's discussion is overly vague. Doc. No. 18 ("Op. Br.") at 6. She contends that while the ALJ acknowledged Dr. Simmons' finding that Plaintiff's ability to sustain attention, concentration, and mental control

is in the extremely low range and that Plaintiff could not follow three step directions, she found Plaintiff only had a moderate limitation in related functional areas and was capable of simple tasks. Op. Br. at 6-7 (citing AR 19, 20, 352, 353). Plaintiff contends these findings conflict with Dr. Simmons' findings. *Id.* at 7. She also complains that the ALJ's RFC limiting her to simple tasks and one to two step instructions conflicts with the Specific Vocational Preparation ("SVP") ratings of each of the jobs the ALJ identified because they require one month of training and have a reasoning level of two. *Id.*

Dr. Simmons' opinion was, as the ALJ described, lacking in specificity. Nevertheless, the ALJ did conclude that it supported a finding that Plaintiff would have limitations. Thus, the RFC included limitations to simple tasks with simple instructions and no production rate or strict production quota requirements. AR 20. Dr. Simmons' opinion provides support for the RFC in this regard, as well as the limitations related to occasional interaction with coworkers and supervisors and no interaction with the public. Plaintiff implies that the limitations should be more severe, but she does not cite to any evidence in support of this assertion.

The only substantive arguments Plaintiff asserts is that the RFC limitations conflict with jobs that require one month of training and have a reasoning level of two. However, Plaintiff cites to no evidence or supporting authority indicating that

the RFC limitations preclude her ability to participate in, or perform a job after, one month of training.

Moreover, as this Court has explained on multiple occasions, a limitation to simple tasks involving one to two step instructions is consistent with an SVP reasoning level of two. *Espinosa v. Kijakazi*, No. CIV-20-1048-P, 2021 WL 5280968, at *4 (W.D. Okla. Nov. 12, 2021) ("The Tenth Circuit has indicated that a limitation to simple, routine, and repetitive work involving one to two step instructions is consistent with a reasoning level of two."); *Ray v. Comm'r of Soc. Sec.*, No. CIV-18-00638-SM, 2019 WL 1474007, at *5 (W.D. Okla. Apr. 3, 2019) ("The court finds that, on its face, the description for a reasoning level of 2—the ability to carry out detailed but uninvolved written or oral instructions—does not conflict with Plaintiff's RFC limitation to carrying out simple work-related instructions and tasks." (quotations omitted)); *Roth v. Colvin*, CIV-16-0002-D, 2017 WL 394676, at *9 (W.D. Okla. Jan. 11, 2017) (finding that a RFC determination allowing a plaintiff to perform jobs with "simple, repetitive, routine instructions and work decisions" was "consistent with reasoning level 2" (quotations omitted)), *adopted,* 2017 WL 395215 (W.D. Okla. Jan. 27, 2017); *Goleman v. Colvin*, CIV-15-972-HE, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (concluding that where RFC limited the plaintiff to "simple, routine, repetitive instructions," "[t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two.").

Plaintiff also challenges the ALJ's consideration of Dr. Cummings' opinion and/or the ALJ's findings at step five in relation to the opinion. Dr. Cummings, a state agency physician, reviewed Plaintiff's medical records and concluded that she was not significantly limited in her ability to remember locations and work-like procedures, understand, remember, and carry out very short and simple instructions, sustain ordinary routine without special supervision, make simple work-related decisions, work in close proximity to others and interact with them, perform activities within a schedule, maintain regular attendance, be punctual, complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform a consistent pace without an unreasonable number and length of rest periods. AR 73-74. With regard to consistence and pace, Dr. Cummings further explained:

> The claimant is cognitively and emotionally able to persist at tasks for 6-8 hours in an eight hour period, at an appropriate pace and sustain this level across days and weeks. The claimant's mood issues may cause difficulties with tasks involving sustained focus and complex mental demands. However, the claimant remains mentally capable of understanding and carrying out instructions and assignments in a structured setting, in an appropriate time frame.

AR 74.

Plaintiff argues that "[t]he ability to persist for only six hours in a workday is not sufficient for substantial gainful activity, as an individual must be capable of working for eight hours a day, five days a week." Op. Br. at 4 (citing SSR 96-8p).

To the extent Plaintiff contends that if one cannot persist for eight hours per day, the individual is *per se* disabled under the Social Security guidelines, this position is untenable.

Notably, Dr. Cummings' opinion does not appear to conclude Plaintiff was unable to work. Instead, Dr. Cummings' conclusions indicate Plaintiff could perform work involving simple tasks and his only real limitations related to her ability to perform complex or detailed instructions. AR 73-75. Additionally, he specifically found Plaintiff could "perform at a consistent pace without an unreasonable number and length of rest periods." AR 74. After considering the opinion, the ALJ stated, "The opinions of state agency consultants regarding mental limitations [have] been considered, but these opinions are not stated in vocationally relevant terms, as the terms superficial, appropriate time frame, and low stress work environment are not vocationally defined terms. They did not personally examine the claimant, have any psychometric testing performed, or have complete longitudinal records." AR 26-27.

Plaintiff argues that based on the ALJ's finding that Dr. Cummings' opinion was not stated in "vocationally relevant terms," the ALJ should have further developed the record by recontacting the agency physicians for further explanation. Op. Br. at 5-6. However, the terms superficial and low stress work environment identified by the ALJ as lacking in specificity are not related to Plaintiff's persistence and pace limitations. AR 73-75. Although "appropriate time frame" is included at

the end of Dr. Cummings' opinion regarding Plaintiff's persistence limitations, as explained below, Dr. Cummings' opinion when read as a whole, as well as the ALJ's overall consideration of Plaintiff's mental limitations, provides substantial evidence in support of the ALJ's decision. Thus, the ALJ's duty to further develop the record was not triggered in this matter. *See, cf., Baker v. Barnhart*, 84 F. App'x 10, 14 (10th Cir. 2003) (explaining that the ALJ breached his duty to fully develop the record where the record did not contain substantial evidence upon which to base an RFC finding). Moreover, the RFC is consistent with Dr. Cummings' opinion with regard to Plaintiff's limitations to simple tasks and instructions, and more restrictive than Dr. Cummings' opinion regarding Plaintiff's interaction with coworkers, supervisors, and the public. AR 20, 73-75.

As Plaintiff notes, a finding of "not disabled" at step five means Plaintiff has the capacity to work for 8 hours a day, 5 days a week. *See, supra*. While the ALJ did not say specifically where on the six to eight hour spectrum she thought Plaintiff's work ability would fall, she considered Plaintiff's reported activities of daily living, the types of treatment she had been receiving, and the reports from medical providers and examiners, in reaching her determination that the RFC should include restrictions designed to account for her mental deficits. AR 20-27. Dr. Cummings specifically found that Plaintiff was not significantly limited in her ability to persist at a consistent pace without an unreasonable number or length of breaks. AR 74.

Additionally, at the administrative hearing, the VE testified that Plaintiff could be off task 10% of the day and still be able to work. AR 57. The Court finds that substantial evidence supports the ALJ's finding that Plaintiff was not disabled at step five. Additionally, it does not appear the RFC or the ALJ's decision at step five conflicts with Dr. Cummings' opinion. Thus, any error in the ALJ's consideration of the same is harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating ALJ's error is harmless "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

V. <u>Listing 12.02</u>

"In the third step [of the sequential evaluation process], the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work." *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990). Each listing contains multiple paragraphs of criteria. *Id.* If the plaintiff's impairments match or are equivalent to the criteria in one of the listed impairments, she is presumed to be disabled and qualifies for benefits without further inquiry. *Id.* at 532; *see also* 20 C.F.R. § 416.920(d). When a plaintiff has multiple impairments, the Commissioner must "consider the combined effect of all of the individual's

impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B).

Plaintiff bears the "step three burden to present evidence establishing her impairments meet or equal listed impairments[.]" *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). To satisfy this burden, Plaintiff must show her impairments, considered alone or in combination, "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530.

Plaintiff argues the ALJ failed to consider whether her impairments met or equaled Listing 12.02, addressing neurocognitive disorders. Op. Br. at 10-12. The ALJ specifically considered the criteria of Listings addressing affective disorders (Listing 12.04), anxiety and obsessive-compulsive disorders (Listing 12.06), personality and impulse control disorders (Listing 12.08), and neurodevelopmental disorders (Listing 12.11). AR 18-19.

While the ALJ's decision does not explicitly mention Listing 12.02, the absence of explicit reference to the Listing does not merit reversal. Listings 12.02, 12.04, 12.06, 12.08, and 12.11 each contain three paragraphs of criteria—"A," "B", and "C." 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A-2 §§ 12.02, 12.04, 12.06, 12.08, 12.11. The Paragraph B criteria are identical across each of these Listings. To satisfy the paragraph B criteria, a mental disorder must

result in an "'extreme' limitation of one, or 'marked' limitation of two, of the [following] four areas of mental functioning": understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A-2 §§ 12.02, 12.04, 12.06, 12.08, 12.11.

The Paragraph C criteria are also identical across Listings 12.02, 12.04, and 12.06. The paragraph "C" criteria are met where a claimant has a

> Medically documented history of a chronic organic mental disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*Crowell v. Colvin*, No. CIV–12–1126–L, 2013 WL 6800821, at *6-7 (W.D. Okla. Dec. 20, 2013) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A-2 § 12.02(C)).

In order to be found to have met Listing 12.02, 12.04, or 12.06, Plaintiff needed to show that she met Paragraph B or Paragraph C. The ALJ explained that Plaintiff did not meet Paragraphs B or C of Listings 12.04 or 12.06. AR 18-19.

Because the criteria are identical, the ALJ's findings as to Paragraph B and Paragraph C apply equally to Listing 12.02.

"[P]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." Carolyn A. Kubitschek & Jon C. Dubin, *Social Security Disability Law and Procedure in Federal Court,* §6:20 (2021) (quotations omitted). Plaintiff does not challenge the ALJ's findings that her impairments did not meet or medically equal Listings 12.04 or 12.06.[1] The ALJ's failure to explicitly mention Listing 12.02 is thus harmless error. *See McGowan v. Saul*, No. 4:20-CV-282, 2021 WL 799325, at *4 (S.D. Tex. Jan. 6, 2021) (finding the ALJ's failure to specifically evaluate the plaintiff under one Listing harmless because the ALJ did consider identical criteria for another Listing); *Sabala v. Saul*, No. 1:19-cv-03683-DDD, 2020 WL 6946562, at *3 (D. Colo. Nov. 25, 2020) ("The ALJ's failure to do an explicit analysis under Listing 12.02, standing alone, does not merit reversal here because the ALJ analyzed the record under Listing 12.04's substantively identical B- and C-criteria." (citing *Bernal v. Berryhill*, No. CV 16-1365 JAP/GBW, 2018 WL 2441154, at *3 (D.N.M. May 31, 2018) (finding that the ALJ's failure to analyze head injury under Listing 12.02 was

---

[1] To the extent Plaintiff argues the record supports a finding that she met Listing 12.02's paragraph B or C criteria, *see* Op. Br. at 10-12, and thus would have met the same for Listings 12.04 or 12.06, those arguments are addressed in the previous section herein regarding the ALJ's consideration of her mental health limitations.

harmless error where ALJ analyzed head injury under Listing 12.04's identical B- and C-criteria)).

VI. Subjective Symptoms

In her final issue on appeal, Plaintiff argues the ALJ failed to properly assess the consistency of Plaintiff's subjective complaints. Op. Br. at 12. This Court's review of the ALJ's consideration of Plaintiff's subjective complaints is guided by two principles. First, such "determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Second, "findings as to [subjective reports] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (additional alteration omitted).

In her decision, the ALJ stated the following:

As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because a review of the medical evidence shows the claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. At one point or another in the record, either in forms completed in connection with the application and appeal, medical records or reports, or in the claimant's testimony, the claimant has reported she has no problems with personal needs, takes care of her daughter, prepares meals, performs household chores such as doing the laundry, doing the dishes, making her bed and vacuuming. She goes to the grocery store. She takes her daughter to the park, reads stories to her, and plays games with her. She has no hobbies that she enjoys. She visits with others and has cookouts. She smoke[s] about 10 cigarettes per day (testimony).

> The claimant alleges that she is disabled and unable to work; however, there are inconsistencies regarding her reported limitations and the objective medical evidence.

AR 21. The ALJ then set out a thorough discussion of Plaintiff's medical history and records. AR 21-26.

In challenging the ALJ's decision, Plaintiff first references her own reports that she gets nervous, sick, and paranoid around people, takes a while to understand things, her mood affects her ability to complete tasks, she does not understand how to write a check, is supposed to attend therapy once per week but has trouble keeping her appointments, forgets to take her medication, "freezes up from stress," and does not handle change well. Op. Br. at 13. Plaintiff then states that the ALJ did not "perform even the minimal discussion of the credibility/consistency factors." *Id.* This assertion is clearly inaccurate in light of the portion of the decision quoted above wherein the ALJ specifically discussed Plaintiff's daily activities in comparison with her subjective complaints.

Subsequently acknowledging this, Plaintiff argues the daily activities the ALJ referenced are not sufficient to undermine the consistency between her reported symptoms and the record. Op. Br. at 14. She argues that she is not always able to perform the noted daily activities successfully and occasionally needs assistance. In so asserting, she relies on her report that she occasionally needs assistance with her daughter from a friend or neighbor. *Id.* However, the ALJ specifically acknowledged

Plaintiff's report of the same. AR 21. Additionally, Plaintiff notes that she occasionally goes several days without caring for her personal hygiene. Op. Br. at 14. However, the ALJ noted this as well. AR 21, 24. In essence, these arguments turn on Plaintiff's contention that the evidence could support a different conclusion. That, however, is not the relevant standard of review on appeal. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir.1990).

Plaintiff next challenges the ALJ's reliance on her non-compliance with medication and medical appointments. Plaintiff argues that with regard to her non-compliance with medication, "the ALJ could only point to a three-to-four-day period of increased symptoms." Op. Br. at 15. However, Plaintiff has apparently misread the decision as the ALJ specifically noted that the three-to-four-day period she referenced was just one example of Plaintiff's non-compliance with treatment and medication, and then immediately cited another. AR 26.

> The record shows several instances where claimant has not been compliant with treatment and medication management. One such instance noted was on December 7, 2017 [when] there had been some times she stopped taking medications but [] realized that she does better mentally when taking them. She was off her medications for 3 days and had increase in mood swings daily for 3 to 4 days with agitation, crying, and snappy toward others.
>
> On July 10, 2018, the claimant had made poor progress as she had not been compliant with appointments and she had stopped taking medications, which increased her symptoms of depression and anxiety.

*Id.* (citations omitted); *see also* AR 24 (noting the July 2018 report that Plaintiff had been noncompliant with appointments, medications, and overall treatment plan).

The ALJ clearly considered the appropriate factors in evaluating Plaintiff's subjective reports, including the medical record, Plaintiff's reported daily activities, the effectiveness of medications, and her failure to comply with treatment and medication plans. AR 21-26. Thus, the Court finds no grounds for reversal in the ALJ's assessment of Plaintiff's subjective reports. *See Alarid v. Colvin,* 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence [to the ALJ's conclusion regarding the severity of the claimant's impairments], Mr. Alarid is asking us to reweigh the evidence, which we cannot do."); *Morgan v. Berryhill*, No. CIV-17-413-BMJ, 2018 WL 652335, at *6 (W.D. Okla. Jan. 31, 2018) ("Plaintiff has failed to show that the ALJ ignored or misstated evidence in his credibility assessment, and this Court will not reweigh that evidence. So, the Court [] finds no grounds for reversal."); *Cummings v. Colvin*, No. CIV-14-539-L, 2015 WL 3960899, at *1, *10 (W.D. Okla. June 29, 2015) (rejecting the plaintiff's challenge to the ALJ's assessment of the plaintiff's subjective complaints where the ALJ considered the testimony upon which the plaintiff relied, finding that the court could not reweigh the same evidence).

VII.  Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this ____8th____ day of December, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE